

O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| RONALD E. WALKER,<br><br>   Petitioner,<br><br>   v.<br><br>R. DIAZ, WARDEN,<br><br>   Respondent. | Case No. EDCV 12-1184-DSF (MLG)<br><br>ORDER DENYING MOTION AND<br>DISMISSING ACTION WITHOUT<br>PREJUDICE |

Ronald E. Walker, a California state prisoner, has filed a document with the Court requesting a 60-day extension of time in which to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He does not provide any information concerning the underlying state conviction or any claims for relief. Rather, he only states that due to his attorney's misconduct and subsequent death, he was unable to file a habeas corpus petition on time. It appears that Walker is seeking to suspend the running of the one-year limitations period set forth in 28 U.S.C. § 2244(d) for the filing of a habeas corpus petition. For the reasons stated below, the motion is denied and this matter is dismissed without prejudice.

//

1    The Constitution's "case or controversy" jurisdictional
2  requirement precludes the granting of relief like that requested by
3  Petitioner, because there are no adverse parties before the Court and
4  there is no concrete dispute for this Court to decide. *See Valley*
5  *Forge Christian Coll. v. Americans United for Separation of Church*
6  *and State, Inc.*, 454 U.S. 464, 471 (1982); *Woodford v. Garceau*, 538
7  U.S. 202, 207-08, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (just as
8  civil actions in general begin with the filing of a complaint, a
9  habeas action begins with the filing of an application for habeas
10  corpus relief), *Bjorn v. Warden*, 2009 WL 1392089 (N.D. Cal. 2009)(In
11  absence of concrete dispute, federal court cannot grant extension of
12  time to file habeas corpus petition); *Chairez v.* Adams, 2007 WL
13  1703750 (N.D. Cal. 2007)("In the absence of an actual petition for
14  a writ of habeas corpus or other civil complaint, there is no case
15  or controversy for this Court to adjudicate."); *In re Brockett*, 2006
16  WL 1329675 (N.D. Cal. 2006); *see also United States v. Leon*, 203 F.3d
17  162, 164 (2d Cir. 2000)(holding that a federal court lacks
18  jurisdiction to consider the timeliness of a § 2255 petition until
19  a petition actually is filed); *United States v. Clarke*, 1998 WL
20  91069, at *1 (D. Conn. 1998)(denying request for extension of
21  limitations period to file § 2255 motion).

22    Petitioner must file a habeas corpus petition in this Court
23  before the Court may act upon either his substantive claims or on any
24  claim that he might be entitled to either statutory or equitable
25  tolling of the limitations period. The Court simply does not have
26  jurisdiction to extend the time for filing or give an advisory
27  opinion as to the timeliness of a petition.
28  //

1    For the foregoing reason, the motion is DENIED and this action

2  is dismissed without prejudice.

3

4  Dated: 8/6/12

5

6

7

8                                          Dale S. Fischer
                                           United States District Judge
9

10  Presented By:

11

12

13  Marc L. Goldman
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28