

FILED
AUG - 6 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| RONALD E. WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>R. DIAZ, WARDEN,<br><br>    Respondent. | Case No. EDCV 12-1184-DSF (MLG)<br><br>ORDER DENYING MOTION AND DISMISSING ACTION WITHOUT PREJUDICE |

    Ronald E. Walker, a California state prisoner, has filed a document with the Court requesting a 60-day extension of time in which to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He does not provide any information concerning the underlying state conviction or any claims for relief. Rather, he only states that due to his attorney's misconduct and subsequent death, he was unable to file a habeas corpus petition on time. It appears that Walker is seeking to suspend the running of the one-year limitations period set forth in 28 U.S.C. § 2244(d) for the filing of a habeas corpus petition. For the reasons stated below, the motion is denied and this matter is dismissed without prejudice.

//

The Constitution's "case or controversy" jurisdictional requirement precludes the granting of relief like that requested by Petitioner, because there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Woodford v. Garceau*, 538 U.S. 202, 207-08, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (just as civil actions in general begin with the filing of a complaint, a habeas action begins with the filing of an application for habeas corpus relief), *Bjorn v. Warden*, 2009 WL 1392089 (N.D. Cal. 2009)(In absence of concrete dispute, federal court cannot grant extension of time to file habeas corpus petition); *Chairez v. Adams*, 2007 WL 1703750 (N.D. Cal. 2007)("In the absence of an actual petition for a writ of habeas corpus or other civil complaint, there is no case or controversy for this Court to adjudicate."); *In re Brockett*, 2006 WL 1329675 (N.D. Cal. 2006); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)(holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition actually is filed); *United States v. Clarke*, 1998 WL 91069, at *1 (D. Conn. 1998)(denying request for extension of limitations period to file § 2255 motion).

Petitioner must file a habeas corpus petition in this Court before the Court may act upon either his substantive claims or on any claim that he might be entitled to either statutory or equitable tolling of the limitations period. The Court simply does not have jurisdiction to extend the time for filing or give an advisory opinion as to the timeliness of a petition.

//

For the foregoing reason, the motion is DENIED and this action is dismissed without prejudice.

Dated: 8/6/12

*Dale S. Fischer*

Dale S. Fischer
United States District Judge

Presented By:

*Marc L. Goldman*

Marc L. Goldman
United States Magistrate Judge